UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                  No. 98-4185

MARQUE MESSIAH, a/k/a Sandman,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Martinsburg.
Robert Earl Maxwell, Senior District Judge.
(CR-94-134)

Submitted: December 29, 1998

Decided: January 13, 1999

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert C. Stone, Jr., KISER STONE & CORDELL, Martinsburg,
West Virginia, for Appellant. William D. Wilmoth, United States
Attorney, Paul T. Camilletti, Assistant United States Attorney, Whee-
ling, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Marque Messiah appeals his conviction and 121-month sentence imposed after a guilty plea on the grounds that his plea was not knowingly and intelligently entered and that the district court erred when it refused to find that he was a minor participant in his drug conspiracy. Finding that Appellant knowingly and intelligently entered his guilty plea and that the waiver of his right to appeal his sentence contained in his plea agreement is valid, we affirm his conviction and sentence.

Police charged Messiah with conspiracy to possess with the intent to distribute crack cocaine, aiding and abetting the distribution of crack cocaine within 1000 feet of a school, and possessing with the intent to distribute crack cocaine, in connection with his role as money and drug courier between a drug dealer and a confidential informant buyer. Messiah, through his attorney, negotiated a plea agreement with the Assistant United States Attorney ("AUSA"). The written plea agreement provided that Messiah would plead guilty to the aiding and abetting count in exchange for the dismissal of the other two counts and in return for certain non-binding sentencing recommendations of the AUSA. The plea agreement also provided that both Messiah and the Government waived their rights to appeal the sentence absent circumstances not presented by this appeal.

The plea agreement, signed by Messiah and his counsel, included a clause that provided that the written agreement was the complete agreement between the parties and that no other agreements, understandings, or promises existed. On appeal, Messiah, through different counsel, contends that the AUSA made an oral promise, prior to the written agreement, that he would recommend that Messiah receive a further reduction for being a minor participant. Messiah contends that the AUSA orally agreed to this, but specifically refused to reduce this promise to writing. A different AUSA represented the Government at Messiah's sentencing and did not disclose this alleged oral agreement to the court.[1] Messiah contends that his plea was not knowingly and

_____

[1] In fact, at sentencing, the AUSA averred that Messiah was in the "upper echelon" of his co-conspirators in terms of the total amount of cocaine distributed by each.

2

intelligently made because the Government failed to keep its promises.

Messiah correctly notes that a prosecutor's unfulfilled promise that induces a defendant to plead guilty is a basis for finding that a plea was not knowingly and intelligently made. See Mabry v. Johnson, 467 U.S. 504, 509 (1984). The record, however, belies Messiah's contention that his plea was based upon an unfulfilled promise of the Government. At the Rule 11 colloquy, Messiah was asked several times if the Government had made any promises other than those set forth in the plea agreement to induce his plea.[2] Messiah, with his attorney at his side, answered in the negative. Indeed, neither Messiah nor his counsel objected to the Government's failure to fulfill its alleged oral promise at sentencing. Messiah did not move to withdraw his guilty plea prior to the imposition of sentence or thereafter. In short, the record is devoid of any proof of an oral agreement that the government would recommend that Messiah be sentenced as a minor participant. Thus, Messiah fails to overcome the presumption of verity of his solemn declaration that the written agreement contained all of the promises made by the Government. See Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

We find that Messiah knowingly and voluntarily pled guilty. We accordingly enforce the plea agreement's provision by which Messiah waived his right to appeal[3] and decline to consider the propriety of the district court's finding that he was not a minor participant. See United States v. Wiggins, 905 F.2d 51, 54 (1990).

_____

**2** The court specifically referred to the written plea agreement and asked Messiah, "Does the Plea Agreement contain everything that you believe has been agreed to between you and the Government, either orally or in writing?"; "In other words, there's nothing that has been agreed to that's not in the Plea Agreement?" (J.A. at 50); "Has your plea of guilty been the results [sic] of any promises or inducements other than those that are set forth in the Plea Agreements[of Messiah and a co-defendant] that we have earlier discussed?" (J.A. at 83-84).

**3** The district court specifically brought the plea agreement's waiver provision to Messiah's attention during the Fed. R. Crim. P. 11 hearing.

Accordingly, Messiah's conviction and sentence are affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4